**ALBANY INSURANCE COMPANY,**
**Plaintiff-Appellant,**

v.

**Harry ESSES, Shoe Tastics, Inc., Republic National Bank of New York, Bush Terminal Associates, Harry B. Helmsley, Lawrence A. Wien, Irving Schneider, Dr. William Sherpick, Industry City Associates, Appleman Oil Corporation, Lois Zenker, Estate Associates, Jone Conner, Peter Malkin, Phillis Gelfman, Trustee for Lisa Gelfman, Phillis T. Gelfman, Second Trustee for Peter T. Gelfman, Helmsley-Spear, Inc., and A.P.A. Warehouses, Division of Sea-Jet Trucking & A.P.A. Warehouses, Inc., Defendants-Appellees.**

No. 955.
Docket 86–7968.

United States Court of Appeals,
Second Circuit.

Argued March 27, 1987.
Decided Oct. 15, 1987.

Nicholas P. Giuliano, New York City (Louis P. Sheinbaum, Stephen C. Kimmel, Waesche, Sheinbaum & O'Regan, New York City, of counsel), for plaintiff-appellant.

Mark D. Lebow, New York City (Wendy L. Addiss, Coudert Brothers, New York City, of counsel), for defendants-appellees Harry Esses & Shoe Tastics, Inc.

John Hartje, New York City (Ingrid R. Sausjord, Kronish, Lieb, Weiner & Hellman, New York City, of counsel), for defendant-appellee Republic Nat. Bank of New York.

(Lewis I. Wolf, Smith, Mazure, Director & Wilkens, New York City, of counsel), for remaining defendants-appellees.

Before TIMBERS, KEARSE, and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, Henry Bramwell, *Judge*, dismissing the amended complaint of appellant Albany Insurance Company ("Albany") pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure for failure to state a claim and for lack of subject matter jurisdiction. The district court dismissed appellant's civil claim which alleged that appellees Esses and Shoe Tastics, Inc. violated 18 U.S.C. §§ 1962(b), (c), and (d) (1982 & Supp. III 1985) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. The amended complaint was dismissed for failure to adequately plead the "pattern" requirement of RICO, *id.* §§ 1961(5), 1962. The court therefore dismissed appellant's pendent state law claims for lack of jurisdiction. The district court also denied appellant's motion for leave to replead. We affirm.

## BACKGROUND

Albany's civil RICO and pendent state law claims arise out of events that led to

Esses's conviction on one count of mail fraud. According to Albany's amended complaint, Esses was president of Shoe Tastics, Inc. ("Shoe Tastics"), a New York corporation that imported and sold women's shoes. In December 1982, Shoe Tastics leased warehouse space located at Bush Terminal in Brooklyn, New York ("Shoe Tastics Warehouse"). The amended complaint alleges that, after leasing the warehouse space, Esses prepared bills of lading that falsely reported the transfer of shoes from another warehouse to the Shoe Tastics Warehouse in late February and early March 1983. It also alleges that Esses mailed monthly "Statements of Value" to the insurer of the shoes, Albany, that materially overstated the value of merchandise stored in the Shoe Tastics Warehouse. Albany had extended its marine cargo insurance policy with Shoe Tastics to cover the Shoe Tastics Warehouse goods after the original insurer of the goods, New England Reinsurance Company, cancelled its policy with Shoe Tastics in May 1983.

According to Albany's complaint, on or about November 8, 1983, Shoe Tastics allegedly filed a fraudulent insurance claim with Albany following a fire in the Shoe Tastics Warehouse on July 6, 1983. The claim allegedly included a sworn "Proof of Loss" statement, signed by Esses, claiming that $1.4 million in inventory was lost. Albany paid $1.4 million on the loss, based on the alleged fraudulent claim, to Shoe Tastics and to appellee Republic National Bank of New York, which had a security interest in the goods.

In May 1985, Esses was indicted on one count of mail fraud and one count of arson arising from the fire and the insurance settlement. Following a jury trial before Judge Bramwell in the Eastern District of New York, Esses was convicted on October 29, 1985, of one count of mail fraud based on charges that, as part of a scheme to defraud Albany, he submitted false valuation statements and a false insurance claim to Albany via the mails. The charge of arson against Esses was dismissed for insufficient evidence. Albany commenced this civil action on May 19, 1986. Albany sought a recovery in the amount of $1.4 million, trebled pursuant to 18 U.S.C. § 1964(c), alleging that Esses and Shoe Tastics had engaged in a "pattern of racketeering activity" in violation of the RICO statute, 18 U.S.C. §§ 1962(b), (c) & (d). Invoking both federal question and admiralty jurisdiction, Albany also alleged several pendent state law claims of fraud, misrepresentation, and nondisclosure and concealment against Esses and Shoe Tastics, and claims of unjust enrichment, breach of contract, fraud, and negligence against the remaining defendants.

The district court concluded that: 1) Albany had failed to plead adequately a "pattern of racketeering activity;" 2) admiralty jurisdiction was absent; and 3) the court consequently had no jurisdiction over the remaining state law claims. Judge Bramwell stated that the "continuity plus" language of *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985), required more than the "merely multiple predicate acts committed in furtherance of a single isolated scheme" alleged by Albany in order to establish a racketeering pattern. After hearing reargument, the district court held that a change in its original ruling was not required by our then recently reported opinion in *United States v. Teitler*, 802 F.2d 606 (2d Cir.1986). The court also denied without opinion appellant's motion for leave to replead.

On appeal, Albany contends that its amended complaint alleges a "pattern of racketeering activity" which meets the requirements of this Court as set forth in *United States v. Ianniello*, 808 F.2d 184 (2d Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 3229 & 3230, 97 L.Ed.2d 736 (1987). Appellant also argues that the district court abused its discretion in denying its request for leave to replead. Albany does not appeal the district court's decision regarding the absence of admiralty jurisdiction.

## DISCUSSION

■ The primary issue in this appeal is whether Esses's and Shoe Tastics's alleged

fraudulent acts, as set forth in Albany's amended complaint, constitute a "pattern of racketeering activity" as required by RICO. *See* 18 U.S.C. §§ 1961(5), 1962. By definition, a " 'pattern of racketeering activity' requires at least two acts of racketeering activity." *Id.* § 1961(5). Each mailing alleged as part of the fraudulent scheme could constitute a violation of the federal mail fraud statute. *See United States v. Weatherspoon*, 581 F.2d 595, 601–02 (7th Cir.1978); *United States v. Eskow*, 422 F.2d 1060, 1064 (2d Cir.), *cert. denied*, 398 U.S. 959, 90 S.Ct. 2174, 26 L.Ed.2d 544 (1970). The RICO "predicate act" requirement is thereby met. *See Weatherspoon*, 581 F.2d at 602; 18 U.S.C. §§ 1961(1)(B), (5).

■ In *Sedima*, however, the Supreme Court indicated that " 'proof of two acts of racketeering activity, without more, does not establish a pattern.' " 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14 (quoting 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan)). To establish " 'more,' " there must be a " 'threat of continuing activity.' " *Id.* (quoting S.Rep. No. 617, 91st Cong., 1st Sess. 158 (1969)). The Court emphasized that " '[i]t is this factor of *continuity plus relationship* which combines to produce a pattern.' " *Id.* (quoting S.Rep. No. 617, 91st Cong., 1st Sess. 158 (1969)) (emphasis in original). "Continuity plus" was required because RICO was not aimed at sporadic criminal activity or at the isolated offender. *Id.*

In *Ianniello*, this Court indicated that it is primarily the RICO "enterprise," 18 U.S.C. § 1961(4), that supplies the "continuity and relationship" among the predicate acts that is necessary to establish a RICO violation. 808 F.2d at 190, 191. In this Circuit, a RICO "enterprise" must be a continuing operation and the predicate acts must be related to the common purpose of the enterprise. *Id.* The continuity and relationship of the predicate acts in question in *Ianniello* were supplied by a "continuing criminal enterprise" whose single scheme and common purpose of skimming profits "continu[ed] indefinitely" and "had no obvious terminating goal or date." *Id.* at 191–92.

Recently, this Court upheld a district court's dismissal of a RICO complaint for failure to adequately plead the RICO "enterprise" requirement. *See Beck v. Manufacturers Hanover Trust Co.*, 820 F.2d 46, 51–52 (2d Cir.1987). In *Beck*, the appellant's amended complaint had alleged multiple related predicate acts committed by the alleged enterprise as part of a scheme to defraud bondholders. *Id.* at 49. Noting that *Ianniello* emphasized the necessity of a "continuing" enterprise under RICO, *id.* at 51, the Court concluded that

> the enterprise alleged by plaintiffs had but one straightforward, short-lived goal—the sale of the U.S. collateral at a reduced price. At the conclusion of the sale, the alleged enterprise ceased functioning. *Cf. United States v. Ianniello, supra*, 808 F.2d at 191–92 (noting that "[t]he common purpose in this case was to skim profits and had *no obvious terminating goal or date*" (emphasis added)). Such an association is not sufficiently continuing to constitute an "enterprise" under 18 U.S.C. §§ 1961(4), 1962(c).

*Id.*

Albany contends that Esses and Shoe Tastics, as alleged in the amended complaint, constitute a "continuing" enterprise meeting *Ianniello*'s requirements. We disagree. Whereas the purpose of the enterprise alleged in *Ianniello*—skimming profits—had "no obvious terminating goal or date," *Ianniello*, 808 F.2d at 192, the purpose of the enterprise alleged in Albany's amended complaint had an "obvious terminating goal or date"—inducing the insurer of its goods to pay a false insurance claim. There is nothing in Albany's amended complaint that indicates a threat of continuing criminal activity beyond this terminating goal. With its "straightforward and short-lived goal," the enterprise alleged by Albany is not sufficiently "continuing" to constitute a RICO "enterprise" under 18 U.S.C. §§ 1961(4), 1962. *Beck*, 820 F.2d at 51. We therefore affirm the dismissal of the RICO claim.

■ Appellant also argues that the district court erred in denying its request for

leave to replead. Rule 15(a) of the Federal Rules of Civil Procedure provides that permission to amend a pleading "shall be freely given when justice so requires." However, the district court may deny leave to replead if the proposed amendments would be futile. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Niagara Paper Corp. v. Paper Indus. Union-Management Pension Fund,* 800 F.2d 742, 749 (8th Cir.1986); *Marcraft Recreation Corp. v. Francis Devlin Co.,* 506 F.Supp. 1081, 1087 (S.D.N.Y.1981).

■ In our opinion, Albany's proposed amendments would serve no useful purpose. Albany claims that had its request for leave to replead been granted, it would have alleged two additional "schemes" that would have satisfied the "pattern" requirement. The first was Esses's and Shoe Tastics's alleged scheme to swindle the New England Reinsurance Company, the original insurer of its warehouse goods. The second was an alleged act of arson by Esses and Shoe Tastics. Both allegations would do nothing to establish the "continuity plus" that *Ianniello* requires to establish a "pattern". Even if New England had been the initial target of the fraud, Esses's and Shoe Tastics's alleged enterprise still had only one target—the insurer of its shoes—and one finite goal—inducing that insurer to pay a fraudulent insurance claim. Arson, even if proven, would merely have supplied evidence of an additional predicate act, not evidence of a threat of continuing criminal activity. Accordingly, the district court did not abuse its discretion in denying leave to replead.

■ Appellant's remaining claims sound in state law. Jurisdiction over those claims was premised on the doctrine of pendent jurisdiction. *See generally* 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3567.2 (2d ed. 1984). Since the only subject matter jurisdictional basis for this lawsuit, the RICO claim, was properly dismissed, it was well within the discretion of the district court to dismiss the pendent state law claims. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966);

*Uniformed Firefighters Ass'n v. City of New York,* 676 F.2d 20, 23 (2d Cir.), *cert. denied,* 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982).

For the foregoing reasons, we affirm the judgment of the district court.